Defendant of Heller, arguing on behalf of the defendant, Attorney Mr. Mark D. Fisher. Arguing on behalf of the plaintiff, Appellee, Attorney Mr. David A. Earnhardt. Good morning, Your Honors. It is the Court Counsel. My name is Mark Fisher. I'm an attorney with the Appellate Defender's Office, 3rd Judicial District. And I represent the defendant in this case, Daniel Charneski. This is an appeal from the summary first stage dismissal of the defendant's pro se post conviction petition. Daniel Charneski was convicted in a jury trial of armed robbery and aggravated battery based on conduct that occurred in a white hen pantry in January of 2007. He was sentenced to concurrent terms of 4 and 14 years imprisonment. His convictions and sentences were affirmed by this Court on direct appeal, though this Court did reduce and vacate some of his fines. What did the trial judge dismiss the post conviction petition on? What were the bases? The sole basis for the judge's written order summarily dismissing the petition was that it did not comply with section 122-2 of the Post Conviction Hearing Act. Because there was no affidavits, no supporting documents. That's correct, Your Honor. To which you are going to counter and arguably have that if it's a matter of the records, it can be discerned from the record, you don't necessarily need affidavits. Yes, that's correct, Your Honor. So you've got those arguments going back and forth. But here's the question that I have. As you know, even if the trial court's grounds, the trial court didn't have the right reasons to dismiss the petition, as you know, we could affirm on any grounds of the record, correct? Yes, Your Honor. So here's really the question. You've got, when you're alleging ineffective assistance of trial counsel, would you not still have to under Strickland show the two parts, deficient performance and prejudice? So let's assume that the court erred and held you needed affidavits and you didn't. But where have you alleged, where is the prejudice that was alleged and shown because trial counsel didn't meet enough with the defendant? Right. First of all, because it was a first-stage summary dismissal, the question is whether he stated an arguable claim of prejudice, did not need to actually establish prejudice at the first stage. Of course, ultimately, to gain post-conviction relief, you would have to meet that standard. In any event, the defendant does submit that at least some of the claims in the petition pleaded at least the gist of a constitutional violation sufficient to advance the petition to the second stage. Okay. So let's say that he didn't. I mean, you know, the defendant alleges that trial counsel sort of ignored him and didn't meet with him. Well, what effect did that have? What have you alleged? How did that affect the trial? Now, that was one of the claims set forth in the petition. And, of course, it's problematic because that is a claim where the record does not indicate what took place between the defendant and his attorney prior to trial. Certainly, counsel owes his client an obligation to meet with him before trial, to present a defense, to discuss the case. There can be no question about that. I don't believe it's a fantastical or delusional claim. It isn't, but could he have said, would he have not, should he have not said, well, you know, I told him about some witnesses that would have felt my defense, but he ignored it. And because I didn't meet with him, I was unable to communicate with him. I mean, we're looking for something that supports the bare allegation. Right. Is it there? That claim probably could have been supported better. So as he could have added, well, had counsel met with me or had met with me over a longer period of time, this is what I would have shared with him. This is what would have been presented. I would submit, Your Honors, that there are better claims set forth in the Petition 1 concerned alleged confusion by the attorneys prior to trial as to the applicable sentencing range. I hate to ask you some more pointed questions on that. I don't want to rain on your parade. That's okay. But on those grounds, how do you get around the state may argue was forfeiture? I mean, certainly the evidentiary rulings, the issue of confusion about the sentencing range were matters that were known before the direct appeal was taken. So if it wasn't brought up on the direct appeal, tell us why it wasn't forfeited. Well, in addition to claims of ineffectiveness of trial counsel, defendant also set forth claims of ineffectiveness of appellate counsel. Your Honor is correct. If there's a matter of record that could have been raised on appeal but was not, there is a raised judicata bar. The manner of attempting to surmount that bar is an allegation that appellate counsel was ineffective for failing to raise the issue on direct appeal. And, in fact, the defendant did accompany these claims of ineffective assistance of trial counsel with claims of ineffective assistance of appellate counsel for failing to raise these issues. Now, the defendant in his petition cited to the record of a pretrial hearing where the attorneys agreed that if the defendant were convicted of these offenses, he would likely have to receive consecutive sentences and would have to serve 85% of whatever sentence he would receive. Now, at sentencing, the attorneys ultimately agreed and the judge ruled that the mandatory consecutive sentencing provisions did not apply to this case and the truth in sentencing provisions, including 85%, did not apply to this case. And, in fact, the defendant received concurrent sentences and is eligible to receive day for day good time. Now, your honors might ask, well, as long as they got it right at sentencing, where is the harm? Defendant alleged that the harm was the impact of this pretrial confusion on plea negotiations because he also cited to the record where the attorneys acknowledged that the state made a pretrial offer here that would have required the defendant to serve 85% of his sentence. Defendant maintained that particularly if defense counsel had known the applicable sentencing range here prior to trial and realized that truth in sentencing did not apply and that there were no mandatory consecutive sentences, perhaps he could have negotiated a better plea offer with the prosecutor. This claim is not at all fantastic or delusional. It is not rebutted in the record. In large part, it is supported by the record. And so what was the reason, again, that was not raised on the direct appeal, this confusion about the sentencing range? The reason it was not raised on direct appeal, we don't know why it wasn't raised. All we know is that it was not raised on direct appeal. There's a basis in the record. Now, one possible difficulty, I suppose, if this had been raised on direct appeal, the court might say, well, we don't know if the defendant would have accepted a plea offer. There's nothing in the record. The record showed there was confusion prior to trial as to the sentencing range. I think there's a greater indication in the post-conviction petition because the defendant raised this issue in the post-conviction petition that he might have been amenable to pleading guilty had he received a greater offer. But he's not entitled to a plea offer. No, no, not at all, not at all. So he winds up with 14. That is correct. Less than half of the 6 to 30 on the armed robbery. So where's the prejudice? Well, although he was not entitled to a plea offer, you're absolutely correct. We know from the record there was a plea offer. And the plea offer would have required him to serve 85%. Right, but stop it right there. The inference is that the state made that offer with the caveat you serve 85%. Maybe if it's clarified that 85% doesn't apply, the offer now goes to 20%. That's possible. But isn't that part of the prejudice that he has to show in his petition? Well, I don't think there's any short of it. In other words, that there would have been another offer, but that the offer would have been 15 day for day. I mean, I think short of an affidavit from the prosecutor saying, well, had I realized this, this is the offer I would have made. Short of that, we can't know for sure. There's no question about that. Again, we're dealing with a first-stage dismissal and the gist of a claim. Now, for what it's worth, at sentencing, the state argued for 17 years. And with day for day, that would have been 8 1⁄2 years. The plea offer was a cap of 15, so 6 to 15, but at 85%. We don't know for sure. I would submit, though, that the record does show that there was this confusion prior to trial. Certainly had defense counsel, had the parties realized that things were different from what they thought prior to trial, certainly defense counsel arguably could have been more persuasive in terms of trying to negotiate a better deal. Perhaps the state would have agreed. We don't know if the state would have agreed. And I think if this went to third stage, we would want some more specificity, some more certainty. But again, we have a first-stage dismissal here. The question is, does this plead at least the gist of a claim of a constitutional violation? What if the trial court was wrong and the 85% did apply? There's this maxim, be careful what you ask for. Maybe appellate counsel was concerned that if it got remanded, a new sentence might encompass 85%, which certainly would be prejudicial. So what if the trial judge got this wrong? Well, that, sentencing, you mean, the judge got it wrong in sentencing. Well, then perhaps the defendant would be better off not even appealing in the first place. But here we're dealing with prior to trial, of course, in terms of the claim here on the petition. It appears that what was wrong was the 85%. There's been, I don't believe any argument, certainly no argument in this appeal, I don't believe any argument in the direct appeal by the state that the judge was wrong and that he should be served 85%. Well, they didn't cross the field. That's true. And it wasn't, the sentencing issue wasn't raised on direct appeal. True, true, true. I guess hypothetically the state could have argued, well, the fact that he's, that there's no 85% provision in the sentencing order, whether it's a void sentence, I don't know. There's no indication. You don't even hear of void sentences anymore. Right, I did say back at the time of the original appeal, if the state thought it was wrong, I think it could have arguably been raised and it wasn't. Here there's no indication that the judge or that the parties were ultimately wrong in agreeing that this individual was entitled to receive day for day. The error occurred prior to trial in the thinking that he had to serve 85% and in the thinking that he would probably have to receive consecutive sentences. So the defense is that this claim, again, is not fantastic or delusional. It's not rebutted by the record. In large part, it's supported by the record. And, of course, as long as there is at least one good claim in the petition, the entire petition must advance to the second stage. That's true. It's something that was, in the early days of the Post-Conviction Act and appeals, was frequently overlooked. You can have ten allegations, nine of which are frivolous and paving the way. If you have one, the whole petition has to advance. So you're correct about that. Under Hodges and subsequently Allen, what really is a gist of a constitutional claim or is there an issue of a gist anymore? Oh, I think even under Hodges, they still use the gist of a claim. I use the terms fantastic and delusional, which I believe come from Hodges. It's a relatively low standard, the thought being that most of these petitions are filed by pro se inmates who don't have a legal background. But I think in Hodges or in one of the other cases, the Supreme Court has even said that if the defendant sets forth facts, and even if he doesn't get the claim exactly righted from those facts, the court sees that there is a claim, then the petition should advance. And so it's, I don't know if I'd say bare bones necessarily, but does it appear, does it appear from what has been set forth that this individual's constitutional rights may have been violated? Now, in order to get relief, he has to prove his constitutional rights were violated. That's a third stage, even sometimes a second stage. But does it appear that his constitutional rights may have been violated? Here, does it appear that counsel may have been ineffective in misperceiving the applicable sentencing range and did that possibly impact plea negotiations? And I think at this point that's a very real possibility. So the defendant submits and that should be sufficient to advance the petition. An additional claim the defendant submits was adequately pleaded, was a claim that the prosecutor made unfounded hearsay objections and the judge erroneously sustained those, thereby precluding the defendant from presenting important evidence in his behalf. And again, how do you avoid the allegation or the state arguing that that was a forfeiture? It's raised judicata. Certainly that was known when the direct appeal was taken. That was known, again, in addition to the claim of ineffective trial counsel and improper ruling by the judge. There was also a claim here that appellate counsel was ineffective, should have raised the issue, and could and should have raised the issue on direct appeal because it is supported by the record. An important- You may finish your thought. Okay. Defendant submits that this is not fantastic or delusional. The defendant made incriminating statements to the police here, but he sought to explain why he falsely made incriminating statements by relaying statements made to him by a police officer. The short version is that they were not hearsay because they were not introduced for the truth of what the officer told him, but to show their impact on his state of mind and why he proceeded to falsely incriminate himself to the interrogating detectives. By sustaining these objections, it precluded him from fulfilling his constitutional right of fully and completely presenting his defense to the jury. Defendant submits that's why there was prejudice. It's supported by the record, and, again, it adequately pled the gist of a constitutional claim. Because there are at least some claims here pleading the gist of a constitutional claim, defendant respectfully asks Your Honors to remand the cause for second-stage proceedings in the appointment of counsel. All right. You'll have an opportunity for reply if you choose to. Very good. Thank you, Your Honors. Thank you. Counsel? Good morning, Your Honor. Good morning. I think this is kind of a ‑‑ it's probably the exhibit or the best case to show that these claims are fantastic and delusional. There is really nothing here. I think this is the whole reason for a first-stage dismissal, when you get claims like this that have really no support in the record. My question is, where is the prejudice to the defendant here? To show ineffectiveness of counsel, besides the fact that we have to, you know, was he ineffective in the trial or preparing for trial, is was there prejudice? There was no prejudice here. Here we had two taped confessions. There's accomplice, the defendant's own taped confession. We have the police officer's testimony and the victim's testimony. Right there. How about the sentencing issue, though? Pardon? How about the sentencing issue? Well, the sentencing issue is the fact that I don't remember in the record, and I want to point, I don't think the defendant actually stated that, well, I would have pled differently or I would have pled out if I had known the correct circumstances. I don't think that was ever alleged in his petition or in the brief. And I may be wrong there, but the fact is I don't think where is it going to get him if he had decided to plead? I don't see any prejudice there either. He got actually a lesser sentence. So I don't see any prejudice. Well, I think the point is, and he never did, I don't think he, you're right, I don't think he ever said I would have pled and we know. But he's saying if everybody, including my attorney, had actually known the circumstance of the sentencing situation, that it was not consecutive and would not be 85%, we might have been able to come to a better sentence. I don't know how to answer it besides the fact that, you know, there's a lot of maybes and what ifs, and I think he's just searching and grabbing for something to find where his attorney was ineffective. Well, the fact was the judge, the assistant state's attorney, made the same mistake. There was no harm. He went through a whole trial. He was sentenced correctly. At the end, they got him correct. I don't see the prejudice there. Well, let's look at the factual situation of Hodges. The Supreme Court ultimately found that 50 spent casings next to, I believe, Mr. Hodges, was indicative or could be indicative of self-defense, 50 spent cartridges. And they said that it wasn't fantastic. It wasn't fanciful. It wasn't delusional. Why shouldn't we apply that same standard to a sentence that he might have gotten that could have been better? Well, I guess there has to be a cutoff. Why do we even have a first-stage dismissal? If this case is going to go to second stage or even to evidentiary proceeding, then every case should Because there's really nothing here. There's nothing that shows prejudice. Where is the constitutional right? I don't think he articulates what constitutional right was effective. Where is the ineffective assistance of counsel here? The fact that there was some, you know, confusion about plea negotiations, as the justice pointed out, he benefited by it. Because if they had known the true facts, he probably, the state would not have offered that. Let me ask you this, though. I'm not the best at math, so I ask you to, I may be challenged on this, but if the offer was 15 at 85 percent, that roughly is just short of 13 years. That was the offer. But after trial, after they have to put a trial on, bring all these witnesses in, yada, yada, yada, they argue for 17 at 50 percent, that's an eight-and-a-half-year sentence. I mean, can't we just infer from that prejudice? In other words, that they offered 12 plus. But then after trial, only argue for basically eight-and-a-half. And concurrent, not consecutive. I don't think you can compare plea negotiations with going to trial. I think it's just... Well, that's my point. It's, like, way less. They're asking for significantly less after trial. I don't, you know, I don't have an answer to that. You know, that could just be a different assistant between, you know, doing the plea and doing the trial. The discussion, maybe more information came out at the time. Maybe they talked to the victim. There's just so many variables there. I just don't know, you know, how we could compare those. And I don't know how you could go to and give the defendant, go to the second stage when he actually benefits from this. The fact is, there wasn't a constitutional right, there wasn't a problem. There was no prejudice there. So how is he affected? Why are we bothering? Why are we wasting more time and judicial resources on something where he was not prejudiced? He actually benefited from the trial. The prejudice is that if the offer was 15 and it was day for day, he walks away with 7 1⁄2. But, again, he does not state that he was looking and he was going to plead that. So where is the prejudice? Again, as far as the hearsay statements, whether correct or not, and we could argue that, you know, state of mind, the officer was called on rebuttal. They had a chance to cross-examine him. The officer basically stated that the only thing I told this defendant was to be truthful. He could have been cross-examined. So, again, I don't see where the prejudice is. Even if these hearsay statements should have been allowed in to show state of mind, where is the prejudice here? Again, the officer testified, and he testified just to be truthful. There was nothing there, nothing left there. The other assertion is that, you know, there are just no affidavits. The court was correct when Justice Hudson had said, even though there was no affidavits, there's several other reasons why the judge was correct in dismissing this. And we can use any rationale we want on that. But she was correct in dismissing the petition. Again, I would just emphasize that we had two taped confessions and victim's testimony. And certainly this defense counsel was effective. If you read the record, you can tell that this person did a good job. And the defendant wasn't prejudiced in any way. Are there any other questions? No. Thank you. Mr. Fisher. Just very briefly, Your Honors. Again, just to restate with respect to prejudice, counsel argues there's no showing of prejudice here. At the first stage, it's a showing of arguable prejudice. Now, counsel notes that the defendant did not specifically state in his petition that he would have pled. Of course, he didn't know if he would have gotten a better offer had the attorneys understood the applicable sentencing range. He thought there was a pretty good chance he would have gotten a better offer. But because no better offer was put forth to him, it's a little bit hard for him to say, well, I would have pled, unless he would say, well, I would have pled if I would have received a better offer. Now, one of the claims in his petition was that his sentence was excessive compared to sentences received by other people in the state or in the area for similar type of offenses. Of course, we know that that's not a good claim. But it seems that he believed that the initial offer, the 15 years and 85 percent, was just too much in his mind. He couldn't plead to it. But I think by raising this issue in this petition, he's indicating that he may well have been open to a better plea offer. Although, as I asked counsel, Hodges has an interesting fact pattern that, you know, 50 spent shells next to the defendant might have been evidence of self-defense in this particular situation. The fact remains it was in the record. We could see that, or the Supreme Court could see that in the record. We have to do a whole lot of speculating, I think, to see what your client might have done if things had been different. So how much speculation does Hodges let us engage in? Well, we certainly don't have to speculate about the fact that the parties were mistaken prior to trial as to the issue of consecutive sentences and the issue of truth in sentencing. And we don't have to speculate that an offer was made prior to trial that would have required this individual to serve 85 percent. And we don't have to speculate that ultimately the judge and the parties agreed no, consecutive sentences were not mandatory and truth in sentencing does not apply here. So we know from the record that mistakes were made. But what effect did it have on the defendant sort of takes us into the realm of speculation, doesn't it? If he doesn't tell us he would have done this or done that based on what he knew or had he known later what the true situation was, aren't we sort of being invited to speculate as to that? Does he tell us exactly the effect on himself on what he would have done or not done? Well, there's a little bit of speculation, but what he would have done or not done would have depended on what offer or what other offer of any of the prosecutor would have given him. We know the prosecutor made an offer based on misapprehension. And trial counsel never, barely never corrected the state because trial counsel suffered from the same misapprehension. And so it is arguable, the defendant admits it's at least arguable, that plea negotiations would have gone differently. And arguable that there would have been a different offer had the attorneys understood the applicable sentencing range. And I think plea negotiations, as it's been recognized in Illinois, probably across the country, that plea negotiations are very important. There are not adequate resources for every single case in the criminal justice system to go to trial. Not everybody makes mistakes. I make mistakes. But it's important that the attorneys have all of the facts and the law at their disposal in terms of deciding, is this, should a plea offer be extended? And defense counsel advising his client. The client shouldn't be expected to know this is information he needs to receive from his attorney. And there's a real problem where the system in effect as to plea negotiations here broke down because the parties were acting under misapprehension. So, again, the question is, is there, is it arguable that there was prejudice here? Is it so fantastic or delusional that we're just going to throw this out? There's no way you can prove anything. Again, he doesn't have to prove it here. And I agree, we can't establish it here. We need more. But I think there's certainly enough here to get him to the second stage to pursue this issue further, and I think it's too important an issue to let go. The final thing is one of the few decisions the defendant has to make himself is whether to plead or to proceed to trial. Regardless of what his attorney advises him, it's ultimately his choice. And he's in a difficult situation if he's not getting the correct advice, and we know he didn't get it here. And so the defendant respectfully requests a remand for second stage proceedings. Thank you. Thank you, Your Honors. Counsel, I want to also note, I noticed that you came in from Ottawa this morning at 8.30 on this freezing cold day. Yes, Your Honor. So we thank you very much for your, you were here on time and we noticed. I'm happy to be here. Thank you for your time, Your Honors. Thank you. All right. Thank you for your arguments this morning, gentlemen. The case will be taken under advisement. We will issue a decision in due course. We're going to stand in recess to prepare for our next proceeding.